GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Arizona State Bar No. 031263
TRAVIS L. WHEELER
Arizona State Bar No. 036083
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.santome@usdoj.gov
Email: travis.wheeler@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 0 8 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-1650-PHX-KLM (MTM) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 371 (Conspiracy) Count 1 |
| 1. Salvador Reynaldo Garcia Moreno, (Counts 1 and 2) | 18 U.S.C. §§ 554(a) and 2 (Smuggling Goods from the United States, Aid and Abet) Count 2 |
| 2. Elmer Gustavo Patino Cervantes, (Counts 1, 2, 3, and 6) | |
| 3. Abraham Topete Sanchez, and (Counts 1 and 4) | 18 U.S.C. § 933 (Firearms Trafficking) Counts 3 and 6 |
| 4. Francisco Javier Martinez Sanchez, (Counts 1 and 5) | 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Material False Statement During the Purchase of a Firearm) Counts 4 and 5 |
| Defendants. | |
| | 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

<u>**COUNT 1**</u>

From on or about November 26, 2023, through on or about December 14, 2023,

within the District of Arizona and elsewhere, Defendants SALVADOR REYNALDO GARCIA MORENO, ELMER GUSTAVO PATINO CERVANTES, ABRAHAM TOPETE SANCHEZ, FRANCISCO JAVIER MARTINEZ SANCHEZ, and others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree together to commit offenses against the United States, that is: (a) to knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article, or object, contrary to any law or regulation of the United States, and to receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article or object, knowing the same to be intended for exportation contrary to any law or regulation of the United States, in violation of Title 18, United States Code, Section 554(a), Title 50, United States Code, Section 4819, and Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774; and (b) in connection with the acquisition of a firearm from a dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly made a false and fictitious written statement to the dealer of firearms, which statement was intended and likely to deceive the dealer of firearms as to a fact material to the lawfulness of such sale, in that the purchaser of the firearm stated that he/she was the actual transferee/buyer of the firearm when in fact he/she was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**Purpose of the Conspiracy**

The purpose of this conspiracy was (a) to obtain firearms from a licensed dealer of firearms by means of a knowingly false statement and representation that concealed the identity of the true purchaser of the firearm from the records the dealer was required to maintain; and (b) commit and assist in the commission of the unlawful smuggling of firearms and ammunition from the United States into the Republic of Mexico. The firearms and ammunition smuggled or intended to be smuggled in the course of this conspiracy includes:

//

(1) One Century Arms, model VSKA, 7.62 caliber pistol, Serial Number (S/N) SV7141138,

(2) One Girsan, model MC9 T, 9mm caliber pistol, S/N T6368-23CZ00445, and

(3) Seventeen 9mm caliber rounds of ammunition.

## The Means and Methods of the Conspiracy

The means and methods employed by Defendants SALVADOR REYNALDO GARCIA MORENO, ELMER GUSTAVO PATINO CERVANTES, ABRAHAM TOPETE SANCHEZ, FRANCISCO JAVIER MARTINEZ SANCHEZ and the co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

1. It was part of the conspiracy that a co-conspirator would place an order for a firearm(s) to be purchased from a dealer of firearms within the District of Arizona, and with the knowledge and intention that the firearm(s) ultimately would be transported from the United States into the Republic of Mexico to a co-conspirator.

2. It was a further part of the conspiracy that Defendants ABRAHAM TOPETE SANCHEZ and FRANCISCO JAVIER MARTINEZ SANCHEZ would complete the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473, Firearms Transaction Record, stating they were the true transferee/buyer of the firearm to facilitate the purchase of the firearm(s).

3. It was a further part of the conspiracy that Defendants ABRAHAM TOPETE SANCHEZ and FRANCISCO JAVIER MARTINEZ SANCHEZ would provide the firearm(s) to a co-conspirator.

4. It was a further part of the conspiracy that Defendant ELMER GUSTAVO PATINO CERVANTES would store the firearms at his residence until Defendant SALVADOR REYNALDO GARCIA MORENO would pick them up.

5. Defendant SALVADOR REYNALDO GARCIA MORENO would travel from

his residence in the Republic of Mexico to pick up the firearm(s) at Defendant ELMER GUSTAVO PATINO CERVANTES' residence in San Luis, Arizona.

6. It was a further part of the conspiracy that Defendants SALVADOR REYNALDO GARCIA MORENO and ELMER GUSTAVO PATINO CERVANTES would conceal the firearms and ammunition inside a speaker box to smuggle the items from the United States to the Republic of Mexico.

7. It was a further part of the conspiracy that a co-conspirator would provide United States currency as payment to Defendant SALVADOR REYNALDO GARCIA MORENO for his participation in transferring and transporting the firearms and ammunition.

8. It was a further part of the conspiracy that Defendants SALVADOR REYNALDO GARCIA MORENO, ELMER GUSTAVO PATINO CERVANTES, and the co-conspirators did not have any valid license or other authority to export the firearms from the United States into the Republic of Mexico.

**Overt Acts**

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

1. Prior to November 26, 2023, a co-conspirator from the Republic of Mexico directed a co-conspirator to purchase two firearms and ammunition in the United States and smuggle those items to the Republic of Mexico.

2. On November 26 and 27, 2023, Defendant ABRAHAM TOPETE SANCHEZ entered Firearms Unknown, a Federal Firearms Licensee (FFL), and completed ATF Form 4473.

3. On ATF Form 4473, Defendant ABRAHAM TOPETE SANCHEZ selected he was the true transferee/buyer, whereas in truth and fact, the firearm was for a co-conspirator.

4. On November 27, 2023, Defendant ABRAHAM TOPETE SANCHEZ exited

Firearms Unknown with the firearm.

5. Defendant ABRAHAM TOPETE SANCHEZ provided the firearm to a co-conspirator.

6. Defendant ABRAHAM TOPETE SANCHEZ was paid for providing the firearm to a co-conspirator.

7. On November 26, 2023, Defendant FRANCISCO JAVIER MARTINEZ SANCHEZ entered Firearms Unknown and completed ATF Form 4473.

8. On ATF Form 4473, Defendant FRANCISCO JAVIER MARTINEZ SANCHEZ selected he was the true transferee/buyer, whereas in truth and fact, the firearm was for a co-conspirator.

9. On November 26, 2023, Defendant FRANCISCO JAVIER MARTINEZ SANCHEZ exited Firearms Unknown with the firearm.

10. Defendant FRANCISCO JAVIER MARTINEZ SANCHEZ provided the firearm to a co-conspirator.

11. Defendant FRANCISCO JAVIER MARTINEZ SANCHEZ was paid for providing the firearm to a co-conspirator.

12. On or before December 14, 2023, Defendant ELMER GUSTAVO PATINO CERVANTES contacted Defendant SALVADOR REYNALDO GARCIA MORENO to travel from his residence in the Republic of Mexico to pick up firearms and ammunition at Defendant ELMER GUSTAVO PATINO CERVANTES' residence in San Luis, Arizona.

13. On or before December 14, 2023, Defendant SALVADOR REYNALDO GARCIA MORENO entered the United States for the purpose of picking up the firearms and ammunition at Defendant ELMER GUSTAVO PATINO CERVANTES' residence in San Luis, Arizona.

14. On or before December 14, 2023, Defendants SALVADOR REYNALDO GARCIA MORENO and ELMER GUSTAVO PATINO CERVANTES concealed the firearms and ammunition inside a speaker box to smuggle the

items from the United States to the Republic of Mexico.

15. On December 14, 2023, Defendant SALVADOR REYNALDO GARCIA MORENO attempted to cross the border from the United States into the Republic of Mexico with the firearms and ammunition concealed inside a speaker box.

16. A co-conspirator would provide United States currency as payment to Defendant SALVADOR REYNALDO GARCIA MORENO for his participation in transferring and transporting the firearms and ammunition.

17. At the time of the commission of these aforementioned overt acts, the aforementioned firearms qualified as United States Commerce Control List items, and therefore were prohibited by law for export from the United States into Mexico without a valid license. Neither Defendants SALVADOR REYNALDO GARCIA MORENO, ELMER GUSTAVO PATINO CERVANTES, ABRAHAM TOPETE SANCHEZ, FRANCISCO JAVIER MARTINEZ SANCHEZ nor the co-conspirators had a license or any other lawful authority to export the firearms from the United States into Mexico.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about December 14, 2023, in the District of Arizona, Defendants SALVADOR REYNALDO GARCIA MORENO and ELMER GUSTAVO PATINO CERVANTES knowingly and fraudulently exported and sent from the United States, and attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, that is:

(1) One Century Arms, model VSKA, 7.62 caliber pistol, S/N SV7141138,

(2) One Girsan, model MC9 T, 9mm caliber pistol, S/N T6368-23CZ00445, and

(3) Seventeen (17) 9mm caliber rounds of ammunition.

knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819, and Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774.

In violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT 3

On or between November 26, 2023, and December 14, 2023, in the District of Arizona, Defendant ELMER GUSTAVO PATINO CERVANTES did receive from another person a firearm(s), to wit: a Century Arms, model VSKA, 7.62 caliber pistol, S/N SV7141138, and a Girsan, model MC9 T, 9mm caliber pistol, S/N T6368-23CZ00445, in or otherwise affecting interstate or foreign commerce, while Defendant ELMER GUSTAVO PATINO CERVANTES knew or had reasonable cause to believe that his receipt of the firearm would constitute a felony, to wit: Arizona Revised Statute (A.R.S.) § 13-3102(a)(4), Prohibited Person (Felon and on Probation) in Possession of a Firearm.

In violation of Title 18, United States Code, Section 933.

## COUNT 4

On or about November 26, 2023, to November 27, 2023, in the District of Arizona, Defendant ABRAHAM TOPETE SANCHEZ knowingly made a false statement and representation in connection with the acquisition of a firearm to Firearms Unknown, which was intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Firearms Unknown, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Firearms Unknown, in that Defendant ABRAHAM TOPETE SANCHEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was purchasing the firearm for himself, whereas in truth and fact, he was purchasing the firearm for someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 5

On or about November 26, 2023, in the District of Arizona, Defendant FRANCISCO JAVIER MARTINEZ SANCHEZ knowingly made a false statement and representation in connection with the acquisition of a firearm to Firearms Unknown, which was intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Firearms Unknown, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Firearms Unknown, in that Defendant FRANCISCO JAVIER MARTINEZ SANCHEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was purchasing the firearm for himself, whereas in truth and fact, he was purchasing the firearm for someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 6

On or between November 13, 2023, and August 6, 2024, in the District of Arizona, Defendant ELMER GUSTAVO PATINO CERVANTES did receive from another person a firearm, to wit: a Carl Walther, HK MP5, .22 caliber rifle, serial number HR002841, in or otherwise affecting interstate or foreign commerce, while Defendant ELMER GUSTAVO PATINO CERVANTES knew or had reasonable cause to believe that his receipt of the firearm would constitute a felony, to wit: Arizona Revised Statute (A.R.S.) § 13-3102(a)(4), Prohibited Person (Felon and on Probation) in Possession of a Firearm.

In violation of Title 18, United States Code, Section 933.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations in Counts 1-6 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1-6 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a)

any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants is liable, including, but not limited to, the following property involved and used in the offense:

(1) a Century Arms, model VSKA, 7.62 caliber pistol, S/N SV7141138,

(2) a Girsan, model MC9 T, 9mm caliber pistol, S/N T6368-23CZ00445,

(3) Seventeen (17) 9mm caliber rounds of ammunition,

(4) a Carl Walther, HK MP5, .22 caliber rifle, S/N HR002841, and

(5) Forty-eight (48) rounds of .22 caliber ammunition.

If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

//
//
//
//
//
//
//
//
//

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*
FOREPERSON OF THE GRAND JURY
Date: October 8, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/*
ADDISON OWEN
TRAVIS L. WHEELER
Assistant U.S. Attorneys

- 10 -